UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIL COPUS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY,<br><br>Defendant. | Case No. 18-cv-06915-JD<br><br>**ORDER RE MOTION TO DISMISS AND CROSS MOTION**<br><br>Re: Dkt. Nos. 11, 15 |

Plaintiffs Virgil and Adele Copus lost their home in a catastrophic fire. They bought a new house that cost less than the maximum coverage amount available under their fire insurance policy carried by defendant Hartford Casualty Insurance Company ("Hartford"). Dkt. No. 1-1. They filed a complaint for breach of an insurance contract and declaratory relief in California Superior Court to recover the full policy amount. Hartford removed on diversity jurisdiction, which the Copuses did not contest. Dkt. No. 1. Hartford seeks to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) without leave to amend. Dkt. No. 11. The Copuses oppose dismissal and ask for judgment on the pleadings under Rule 12(c) for the declaratory relief claim. Dkt. No. 15. The Court found the motions suitable for decision without oral argument under Civil Local Rule 7-1(b).

The motions are denied for several reasons. To start, while the complaint is presented as a breach of contract action, no actual contract terms are alleged. The Copuses say that this is so because their copy of the insurance policy was destroyed in the fire, and Hartford has refused to

give them a replacement copy. Dkt. No. 1-1 ¶ 4. Hartford did not deny this allegation, and also did not provide a copy of the policy in connection with the motion to dismiss. *See* Dkt. Nos. 11, 16. This weighs against dismissal and in favor of limited discovery to give the Copuses a fair opportunity to state a claim in these unusual circumstances. To that end, Hartford is ordered to produce to the Copuses a complete copy of the pertinent insurance policy by November 4, 2019. The Copuses are directed to file an amended complaint pleading the breach of that contract by November 25, 2019.

Hartford's motion to dismiss is also unusual in that it focuses solely on the provisions of California Insurance Code § 2051.5(c), which discusses measures of indemnity for certain types of insurance policies and losses. Dkt. No. 11. Hartford does not raise any other argument against the contract claims, and certainly none of the traditional arguments about formation, specific terms and other contract issues.

It may be the case that Section 2051.5(c) will play a role in resolving this dispute, but that role will almost certainly be as an aid in construing the contract and not as a contract substitute. Determining how and to what extent Section 2051.5(c) applies will depend in large measure on the actual terms of the insurance agreement that the parties reached. The "recent decisions" the parties have filed are good examples of this logical ordering. They start with the specific policy terms before addressing the statutory issues. *See, e.g.*, Dkt. Nos. 33, 35. The same needs to be done here.

This approach is all the more critical in light of the fact that the California Supreme Court and courts of appeal do not appear to have construed Section 2051.5(c) in the type of circumstances presented here. Principles of federalism and comity strongly counsel that this federal Court tread lightly before interpreting state statutes that the state courts have yet to construe, and then only on the basis of a properly developed record.

Consequently, dismissal of the complaint and judgment on the pleadings are not appropriate at this time, and the motions are terminated without prejudice. The parties may revisit their arguments if warranted after production of the fire policy and amendment of the complaint. In the event another round of motions ensues, the parties are reminded that the Federal Rules of

Civil Procedure, the Civil Local Rules, and the Court's Standing Orders must be followed.  For example, simply captioning an opposition brief as a "cross motion," *see* Dkt. No. 15, is not sufficient under the rules to actually make a viable motion.

**IT IS SO ORDERED.**

Dated:  October 23, 2019

JAMES DONATO
United States District Judge